BETSY C. MANIFOLD (SBN 182450)
RACHELE R. BYRD (SBN 190634)
MARISA C. LIVESAY (SBN 223247)
BRITTANY N. DEJONG (SBN 258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELAINE WANG, <br><br> Plaintiff, <br><br> v. <br><br> PRINCIPIA BIOPHARMA INC., ALAN B. COLOWICK M.D., M.P.H., MARTIN BABLER, DAN BECKER, M.D., PH.D., SIMEON GEORGE, M.D., M.B.A., SHAO-LEE LIN, M.D., PH.D., PATRICK MACHADO, and SHAWN TOMASELLO, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Elaine Wang ("Plaintiff"), by her attorneys, makes the following allegations against Principia Biopharma Inc. (sometimes referred to herein as "Principia" or the "Company") and the members of the board of directors of Principia (the "Board" or "Individual Defendants," along with Principia, collectively referred to as the "Defendants"), for their violations of Sections 14(e), 14(d) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78n(d), 78t(a), SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, and Regulation G, 17 C.F.R. § 244.100, in connection with the proposed acquisition (the "Proposed Transaction") of Principia by affiliates of Sanofi, a French société anonyme ("Sanofi"). The allegations in this complaint are based on the personal knowledge of Plaintiff as to herself and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters stated herein.

**INTRODUCTION**

1. This is an action brought by Plaintiff against Principia and the members of the Principia board of directors for their violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act, in connection with the proposed acquisition of Principia by affiliates of Sanofi.

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on August 28, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Principia will be acquired by Sanofi through its direct wholly-owned subsidiaries Kortex Acquisition Corp. ("Kortex") and Aventis Inc., whereby Kortex will merge with and into Principia with Principia continuing as a surviving corporation and a wholly owned subsidiary of Sanofi and cease to be publicly traded (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Principia common share issued and outstanding will be converted into the right to receive $100.00 per share in cash (the "Merger Consideration"). In accordance with the Merger

1  Agreement, Merger Sub commenced a tender offer to acquire all of Principia's outstanding common
2  stock and will expire on September 25, 2020.

3        3.     Defendants have now asked Principia's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Principia's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Principia stockholders need such information in order to tender their shares in support of the Proposed Transaction.

        4.     It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

        5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Principia's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

        6.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

        7.     Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts

COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934
- 2 -

Agreement, Merger Sub commenced a tender offer to acquire all of Principia's outstanding common stock and will expire on September 25, 2020.

3. Defendants have now asked Principia's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Principia's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Principia stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Principia's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts

with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Principia is headquartered in this District.

## **PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of Principia common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Alan B. Colowick, M.D., M.P.H. has served as a member of the Board since 2017 and is the Chairman of the Board.

11. Individual Defendant Martin Babler has served as a member of the Board and Chief Executive Officer since April 2011 and also President since April 2019.

12. Individual Defendant Dan Becker, M.D., Ph.D. has served as a member of the Board since 2017.

13. Individual Defendant Simeon George, M.D., M.B.A. has served as a member of the Board since 2011.

14. Individual Defendant Shao-Lee Lin, M.D., Ph.D. has been a member of the Board since 2019.

15. Individual Defendant Patrick Machado has served as a member of the Board since 2019.

16. Individual Defendant Shawn Tomasello has served as member of the Board since 2019.

17. Defendant Principia is incorporated in Delaware and maintains its principal offices at 220 East Grand Avenue, South San Francisco, California. The Company's common stock trades on the NASDAQ Global Select Market under the symbol "PRNB."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.      The Proposed Transaction**

20.     Principia, a late-stage biopharmaceutical company, focuses on developing novel therapies for immune-mediated diseases. The company is developing rilzabrutinib, an inhibitor that is in Phase III clinical trials for the treatment of pemphigus, a chronic skin disease, as well as and pemphigus foliaceus; in a Phase 1/2 trial for the treatment of immune thrombocytopenia; and a Phase 2 trial for the treatment of IgG4-related disease. It is also developing PRN2246/SAR442168, an inhibitor, which is in Phase Ii clinical trial for treating multiple sclerosis (MS) and other central nervous system (CNS) diseases; and PRN473, a drug candidate that is in Phase I clinical trial for the treatment of immune-medicated diseases. The Company has a collaboration agreement with Genzyme Corporation to develop relapsing and progressive MS and other diseases of the CNS. Principia was incorporated in 2008 and is headquartered in South San Francisco, California.

21.     On August 17, 2020, the Company and Sanofi jointly announced the Proposed Transaction:

> PARIS and SOUTH SAN FRANCISCO, Calif. – August 17, 2020 – Sanofi and Principia Biopharma Inc. (NASDAQ: PRNB), a late-stage biopharmaceutical company focused on developing treatments for immune-mediated diseases, entered into a definitive agreement under which Sanofi will acquire all of the outstanding shares of Principia for $100 per share in cash, which represents an aggregate equity value of approximately $3.68 billion (on a fully diluted basis). The Sanofi and Principia Boards of Directors unanimously approved the transaction.
>
> "This acquisition advances our ongoing R&D transformation to accelerate development of the most promising medicines that will address significant patient needs," said Paul Hudson, Sanofi Chief Executive Officer. "The addition of multiple BTK inhibitors to our pipeline demonstrates our commitment to strategic product acquisitions in our priority therapeutic areas. Full ownership of our brain-penetrant BTK inhibitor '168 removes complexities for this priority development program and simplifies future commercialization."
>
> "The Phase 2b data in relapsing multiple sclerosis showed the strong potential of '168 to address disability and disease progression, and triggered the start of Phase 3 studies across the full spectrum of MS. Through this acquisition, we will be able to expand and accelerate development of BTK inhibitors across multiple indications. Both '168 and rilzabrutinib, have 'pipeline in a product' potential, and we look

forward to unlocking their full treatment benefits across an array of diseases," said John Reed, M.D., Ph.D., Global Head of Research & Development at Sanofi.

"Principia's successful design and development of a whole portfolio of BTK inhibitors for immunology is aimed to transform the treatment for patients with immune-mediated diseases. By combining with Sanofi, we will bring significant resources to expand and accelerate the potential benefits of these therapies. The benefit of developing several BTK inhibitors will allow us to target specific organ systems for optimal patient benefit. The merger will provide global resources to get these novel therapies to patients faster," said Martin Babler, President and CEO at Principia Biopharma.

Principia's Bruton tyrosine kinase (BTK) inhibitors add to Sanofi's efforts to accelerate and build a portfolio of the next generation of transformative treatments for autoimmune diseases. BTK is present in the signaling pathways of key innate and adaptive cell types of the immune system. Being able to block or disrupt these signaling processes can help in stopping inflammation and tissue destruction related to autoimmune diseases and target some of the underlying pathophysiology.

BTK inhibitor '168: In a Phase 2b study in patients with multiple sclerosis, '168 reduced Gd-enhancing T1 hyperintense lesions by 85% compared to placebo. In June, Sanofi announced the first multiple sclerosis patient was enrolled in the Phase 3 program for the BTK inhibitor, comprising four pivotal clinical trials across the disease spectrum. The Principia acquisition will provide an opportunity to expand the development program to evaluate indications beyond central nervous system diseases.

Rilzabrutinib: This oral BTK inhibitor is currently being evaluated in a Phase 3 program for patients with moderate to severe pemphigus, a rare, debilitating autoimmune disease that causes blistering of the skin and mucous membranes. A Phase 3 program for immune thrombocytopenia, a disease that causes high risk for bleeding events, is expected to be initiated by the end of 2020, assuming no COVID-19 related impact. The company also has an ongoing Phase 2 program for IgG4-related diseases, which is driven by chronic inflammation, immune cell infiltration, and fibrosis within organs that can lead to severe morbidity.

PRN473 Topical: This BTK inhibitor is a topical agent currently in Phase 1 trials and is being developed for immune-mediated diseases that could benefit from localized application to the skin.

The Principia BTK inhibitor franchise is based on its proprietary Tailored Covalency® platform that has generated potential best-in-class clinical candidates. The platform allows the design of both reversible covalent and irreversible covalent small molecule inhibitors that are more selective with less off-target effects. The optimized target residence time has potential to deliver a desired efficacy with a stronger safety profile.

> In 2017, Sanofi formed a collaboration with Principia under which Principia granted Sanofi an exclusive, worldwide license to develop and commercialize BTK inhibitor '168 in multiple sclerosis and other central nervous system diseases.
>
> **Transaction Terms**
>
> Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Principia common stock for $100 per share in cash for a total enterprise value of approximately $3.36 billion.
>
> The consummation of the tender offer is subject to customary closing conditions, including the tender of at least a majority of the outstanding shares of Principia common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions. Following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with Principia and the outstanding Principia shares not tendered in the tender offer will be converted into the right to receive the same $100 per share in cash paid in the tender offer. The tender offer is expected to commence later this month. Sanofi plans to finance the transaction with cash on hand. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the fourth quarter of 2020.
>
> Evercore is acting as financial advisor to Sanofi and Weil, Gotshal & Manges LLP is acting as its legal counsel. Centerview Partners LLC and BofA Securities are acting as financial advisors to Principia and Cooley LLP is acting as its legal counsel.

22. It is therefore imperative that Principia's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.**     **The Materially Incomplete and Misleading Solicitation Statement**

23. On August 28, 2020, Principia filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the

Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

24. The Solicitation Statement fails to provide material information concerning financial projections by Principia management. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts, including the Case A Projections and Case B Projections (the "Projections") and provided them to the Board and Centerview with forming a view about the stand-alone valuation of the Company. *See* Solicitation Statement at 26. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Principia management provided to the Board and Centerview. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 203 (Del. Ch. 2007).

25. The Solicitation Statement sets forth a brief summary of the Projections but fails to disclose the specific inputs and assumptions that were used to risk-adjust the Projections. The omission of the inputs to the Projections are material because the Projections are intended to be management's best estimate of the Company's future cash flows, but without the disclosure of the inputs and assumptions for risk-adjustment, shareholders cannot discern whether they agree that management has adequately adjusted the Projections for market and regulatory risk. The omission therefore renders the Solicitation Statement misleading as the Projections form the basis for Centerview's financial analyses and fairness opinion.

26. Further, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2020 through 2041: (a) EBIT and (b) Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics or a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a). Solicitation Statement at 27-28. This

omission is material because without this information, Principia's public shareholders are unable to fully understand the analysis and, thus, are unable to determine what weight, if any, to place on the fairness opinion in determining whether to tender their shares.

27. With respect to Centerview's *Selected Public Company Analysis*, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the companies observed by Centerview in the analysis and (ii) earnings multiples for the companies. Solicitation Statement at 31-32.

28. With respect to Centerview's *Selected Precedent Transaction Analysis*, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed by Centerview in the analysis; (ii) earnings multiples for the transactions; and (iii) Principia's fully-diluted shares outstanding as of August 14, 2020. Solicitation Statement at 32-33.

29. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) Centerview's basis for assuming that unlevered free cash flows would decline in perpetuity after December 31, 2041 at a rate of free cash flow decline 75% year-over-year; and (ii) the individual inputs and assumptions underlying the range of discount rates from 10.0% to 12.0%. Solicitation Statement at 33.

30. With respect to Centerview's analysis of stock price targets, the Solicitation Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources for the price targets.

31. With respect to Centerview's analysis of premiums paid in the transactions analyzed in the *Premiums Paid Analysis*, the Solicitation Statement fails to disclose those premiums observed by Centerview in the analysis.

32. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

# CLAIMS FOR RELIEF

## COUNT I
### Violations of Section 14(e) of the Exchange Act
### (Against All Defendants)

33. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

35. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

36. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

37. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

38. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their

shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

39. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

41. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

42. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

43. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

44. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

45. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer,

1  they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

46. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III
### Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Principia within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Principia, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Principia, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Principia, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

51.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.	Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: August 28, 2020

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Rachele R. Byrd*
	RACHELE R. BYRD

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

Of Counsel:

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
GLORIA KUI MELWANI
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

*Counsel for Plaintiff*

26652